# United States Court of Appeals for the Federal Circuit

---

**COMCAST CORPORATION, COMCAST CABLE COMMUNICATIONS, LLC, COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, COMCAST BUSINESS COMMUNICATIONS, LLC, COMCAST HOLDINGS CORPORATION, COMCAST SHARED SERVICES, LLC, ARRIS ENTERPRISES, INC., ARRIS GLOBAL LTD., ARRIS GROUP, INC., ARRIS INTERNATIONAL PLC, ARRIS SOLUTIONS, INC., ARRIS TECHNOLOGY, INC., PACE AMERICAS, LLC, TECHNICOLOR, S.A., TECHNICOLOR CONNECTED HOME USA LLC, TECHNICOLOR USA, INC.,**
*Appellants*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**ROVI CORPORATION, ROVI GUIDES, INC.,**
*Intervenors*

---

2018-1450, 2018-1653, 2018-1667

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1001.

---

Decided: March 2, 2020

---

DONALD B. VERRILLI, JR., Munger, Tolles & Olson LLP, Washington, DC, argued for all appellants. Appellants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, Comcast Shared Services, LLC also represented by GINGER ANDERS; DAVID LISSON, Davis Polk & Wardwell LLC, Menlo Park, CA; STEVEN ANZALONE, Winston & Strawn LLP, Washington, DC.

SIDNEY A. ROSENZWEIG, Office of General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by RONALD TRAUD, DOMINIC L. BIANCHI, WAYNE W. HERRINGTON.

JEFFREY A. LAMKEN, MoloLamken LLP, Washington, DC, argued for intervenors. Also represented by MICHAEL GREGORY PATTILLO, JR., RAYINER HASHEM; RODERICK GEORGE DORMAN, McKool Smith PC, Los Angeles, CA; JOSHUA WRIGHT BUDWIN, JOEL LANCE THOLLANDER, Austin, TX; DOUGLAS AARON CAWLEY, Dallas, TX; JOHN M. WHEALAN, Chevy Chase, MD.

MITCHELL G. STOCKWELL, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, for appellants ARRIS Enterprises, Inc., ARRIS Global Ltd., ARRIS Group, Inc., ARRIS International plc, ARRIS Solutions, Inc., ARRIS Technology, Inc., Pace Americas, LLC. Also represented by JOSHUA HAMILTON LEE, MICHAEL TURTON; MATTHEW MEYER, Menlo Park, CA; JOSHUA B. POND, Washington, DC.

PAUL M. BARTKOWSKI, Adduci, Mastriani & Schaumberg, LLP, Washington, DC, for appellants Technicolor, S.A., Technicolor Connected Home USA LLC, Technicolor USA, Inc.

JOHN THORNE, Kellogg, Hansen, Todd, Figel &

Frederick, P.L.L.C., Washington, DC, for amicus curiae Verizon Services Corp. Also represented by GREGORY G. RAPAWY, ARIELA M. MIGDAL.

———————————

Before NEWMAN, REYNA, and HUGHES, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Appellants Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, Comcast Shared Services, LLC (collectively "Comcast"); ARRIS Enterprises, Inc., ARRIS Global Ltd., ARRIS Group, Inc., ARRIS International plc, ARRIS Solutions, Inc., ARRIS Technology, Inc., Pace Americas, LLC (collectively "ARRIS"); and Technicolor SA, Technicolor Connected Home USA LLC, and Technicolor USA, Inc. (collectively "Technicolor") appeal the decision and orders of the United States International Trade Commission ("ITC" or "Commission"). The ITC's rulings[1] are in accordance with law and supported by substantial evidence, and are affirmed.

## BACKGROUND

Rovi Corporation and Rovi Guides, Inc. (collectively "Rovi") filed a complaint with the ITC alleging violation of Section 337 of the Tariff Act of 1930. Rovi asserted, *inter alia,* infringement of claims 1, 2, 14, and 17 of United

———————————

[1]    *Certain Digital Video Receivers and Hardware and Software Components Thereof,* Inv. No. 337-TA-1001, USITC Pub. 4931, 2017 WL 11249982 (Dec. 6, 2017) ("Comm. Op."); *Certain Digital Video Receivers and Hardware and Software Components Thereof,* Inv. No. 337-TA-1001, USITC Pub. 4931, 2017 WL 3485153 (May 26, 2017) ("Final ID").

States Patent No. 8,006,263 ("the '263 patent") and claims 1, 3, 5, 9, 10, 14, and 18 of United States Patent No. 8,578,413 ("the '413 patent"). Rovi stated, and the Commission found, that Comcast's customers directly infringe the '263 and '413 patents by using Comcast's X1 system. The Commission found that Comcast is in violation of Section 337 by importing the X1 set-top boxes that are used in the infringing system.

The '263 and '413 patents describe and claim an interactive television program guide system for remote access to television programs. The asserted claims require a remote program guide access device, such as a mobile device, that is connected to an interactive television program guide system over a remote access link, whereby users can remotely access the program guide system. Claim 1 of the '263 patent is representative:

1. A system for selecting television programs over a remote access link comprising an Internet communications path for recording, comprising:

a local interactive television program guide equipment on which a local interactive television program guide is implemented, wherein the local interactive television program guide equipment includes user television equipment located within a user's home and the local interactive television program guide generates a display of one or more program listings for display on a display device at the user's home; and

a remote program guide access device located outside of the user's home on which a remote access interactive television program guide is implemented, wherein the remote program guide access device is a mobile device, and wherein the remote access interactive television program guide:

generates a display of a plurality of program list-
ings for display on the remote program guide
access device, wherein the display of the plural-
ity of program listings is generated based on a
user profile stored at a location remote from the
remote program guide access device;

receives a selection of a program listing of the plu-
rality of program listings in the display,
wherein the selection identifies a television
program corresponding to the selected program
listing for recording by the local interactive tel-
evision program guide; and

transmits a communication identifying the televi-
sion program corresponding to the selected pro-
gram listing from the remote access interactive
television program guide to the local interac-
tive television program guide over the Internet
communications path;

wherein the local interactive television program
guide receives the communication and records
the television program corresponding to the se-
lected program listing responsive to the com-
munication using the local interactive
television program guide equipment.

'263 patent col. 28, ll. 27–63.

The administrative law judge ("ALJ") conducted an in-
vestigation and trial, and found violation of Section 337.
The ALJ found that the X1 set-top boxes are imported by
ARRIS and Technicolor, and that "Comcast is sufficiently
involved with the design, manufacture, and importation of
the accused products, such that it is an importer for pur-
poses of Section 337." Final ID at *11. The full Commis-
sion affirmed "the Final ID's findings and conclusion that

Comcast imports the X1 STBs[2] into the United States." Comm. Op. at *7.

The full Commission affirmed "the Final ID's conclusion that the X1 systems meet all of the limitations of the asserted claims" and "Comcast's customers directly infringed the '263 and '413 patents through their use of the X1 systems in the United States." *Id.* at *10–11. The Commission stated that "[t]he Final ID's unreviewed findings also conclude that Comcast induced that infringement," and that "Comcast also instructs, directs, or advises its customers on how to carry out direct infringement of the asserted claims of the '263 and '413 patents with the X1 STBs." *Id.* The Commission affirmed that Comcast violated Section 337.

For ARRIS and Technicolor, the full Commission affirmed the finding of the Final ID that these entities do not directly infringe the asserted claims because they do not provide a "remote access device" as required by the claims. *Id.* at *13; Final ID at *162. The Final ID also found that they do not contributorily infringe because the set-top boxes have substantial non-infringing uses. *Id.* at *163.

The Commission issued a limited exclusion order and cease and desist orders directed to the Comcast respondents. The limited exclusion order excludes importation of the X1 set-top boxes by Comcast, including importation by ARRIS and Technicolor on behalf of Comcast:

> Digital video receivers and hardware and software components thereof that infringe one or more of [the asserted claims of the '263 patent and the '413 patent] that are manufactured by, or on behalf of, or are imported by or on behalf of [Comcast,] or any

---

2    The Commission refers to the set-top boxes as "STBs" in the Commission Opinions and Determinations.

of their affiliated companies, parents, subsidiaries, agents, or other related business entities, or their successors or assigns, including ARRIS and Technicolor to the extent they import such products on behalf of [Comcast], are excluded from entry for consumption into the United States . . . .

*Certain Digital Video Receivers and Hardware and Software Components Thereof*, Inv. No. 337-TA-1001, USITC Pub. 4931 (August 2019) (limited exclusion order) (footnote omitted).  The Commission also issued six cease and desist orders to each of the Comcast entities, ordering that each entity:

> [C]ease and desist from conducting any of the following activities in the United States: importing, selling, offering for sale, leasing, offering for lease, renting, offering for rent, marketing, advertising, distributing, transferring (except for exportation), and soliciting U.S. agents or distributors for, certain digital video receivers and hardware and software components thereof covered by [the asserted claims of the '263 patent and the '413 patent] in violation of section 337 of the Tariff Act of 1930 . . . .

*Id.* (cease and desist orders).

Comcast, ARRIS, and Technicolor appeal, and Rovi participates as intervenor.  On appeal Comcast does not dispute direct infringement by its customers, and does not dispute that it induces infringement by its customers.  Instead, Comcast argues that its conduct is not actionable under Section 337 because Comcast's inducing conduct "takes place entirely domestically, well after, and unrelated to, the article's importation" and also that Comcast does not itself import the articles.  Comcast Br. 1–2.  ARRIS and Technicolor argue that the Commission does not have authority to issue an exclusion order "that blocks the importation of articles manufactured and imported by ARRIS and Technicolor despite the Commission's determination

that ARRIS and Technicolor did not violate Section 337 and did not infringe the asserted patents." ARRIS Br. 14.

## DISCUSSION

### *Standards of Review*

The Commission's factual findings are reviewed for support by substantial evidence. *Honeywell Int'l, Inc. v. U.S. Int'l Trade Comm'n*, 341 F.3d 1332, 1338 (Fed. Cir. 2003). Legal conclusions receive *de novo* review. *Id.*

To remedy violation of Section 337, "the Commission has broad discretion in selecting the form, scope, and extent of the remedy, and judicial review of its choice of remedy necessarily is limited." *Hyundai Elecs. Indus. Co. v. U.S. Int'l Trade Comm'n*, 899 F.2d 1204, 1209 (Fed. Cir. 1990). The court "may set aside the Commission's choice of remedy only if it is legally erroneous, arbitrary and capricious, or constitutes an abuse of discretion." *Fuji Photo Film Co. v. U.S. Int'l Trade Comm'n*, 386 F.3d 1095, 1106 (Fed. Cir. 2004).

## I

### MOTION TO DISMISS

The '263 patent expired on September 18, 2019 and the '413 patent expired on July 16, 2019. The Appellants have moved for dismissal of this appeal on the ground that the appeal has become moot, for after a patent expires "the ITC's limited exclusionary order and cease and desist orders as to that patent have no further prospective effect." *Hyosung TNS Inc. v. U.S. Int'l Trade Comm'n*, 926 F.3d 1353, 1357 (Fed. Cir. 2019). The Appellants also request vacatur of the Commission's determination of violation of Section 337.

The Commission and Rovi oppose, stating that there are continuing issues and actions to which these rulings are relevant, whereby appellate finality is warranted because there are ongoing "collateral consequences,"

referring to two ITC investigations on unexpired Rovi patents that involve imported X1 set-top boxes. The Commission identifies *Certain Digital Video Receivers and Related Hardware and Software Components*, Inv. No. 337-TA-1103 ("1103 Investigation") and *Certain Digital Video Receivers, Broadband Gateways, and Related Hardware and Software Components*, Inv. No. 337-TA-1158 ("1158 Investigation").

It appears to be undisputed that these investigations are likely to be affected by the decisions here on appeal. For example, in the 1103 Investigation the ALJ stated that "[t]he Federal Circuit's ruling" in the present appeal "will affect the finding" in that investigation. 1103 Investigation, 2019 WL 2953268, at *2 (June 3, 2019). And in the 1158 Investigation there is a similar issue of importation, with the date for completion of the investigation set for October 29, 2020, pursuant to Commission Rule 210.51(a)(1). 1158 Investigation, 2019 WL 2880853, at *2 (July 3, 2019).

It is recognized that "a case may remain alive based on collateral consequences, which may be found in the prospect that a judgment will affect future litigation or administrative action." *Hyosung*, 926 F.3d at 1358 (citing 13C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.3.1 (3d ed. 2008) (internal quotation marks omitted)). Although in *Hyosung* the court held that co-pending district court litigation did not avert mootness of an ITC decision after patent expiration, the pending actions here involve unexpired patents related to the same imported X1 set-top boxes. The Commission states that the issues on appeal concern the scope of Section 337 as a matter of statutory interpretation.

We conclude that there are sufficient collateral consequences to negate mootness. The motion for dismissal is denied.

## II

### THE SECTION 337 VIOLATION

The Final ID and the full Commission found violation of Section 337.  19 U.S.C. § 1337(a) includes:

> (1)  Subject to paragraph (2), the following are unlawful . . . .

> > (B) The importation into the United States, the sale for importation, or the sale within the United States after importation by the owner, importer, or consignee, of articles that—

> > (i) infringe a valid and enforceable United States patent . . . .

It is not disputed that Comcast's customers directly infringe the '263 and '413 patents.  It is also undisputed that Comcast induces its customers to directly infringe these patents.  Comcast's argument is that Section 337 is not violated for two reasons: first, that the imported X1 set-top boxes are not "articles that infringe" because the boxes do not infringe the patents at the time of importation; and second, that Comcast is not the importer of the X1 set-top boxes, but takes title to the imported boxes only after the boxes are imported by ARRIS and Technicolor.

### A

#### *"Articles that Infringe"*

Comcast argues that the Commission's authority under Section 337 is limited to excluding articles that infringe at the time of importation.  Comcast states that this is the holding of *Suprema, Inc. v. U.S. Int'l Trade Comm'n*, 796 F.3d 1338 (Fed. Cir. 2015) (en banc).  The Commission and Rovi respond that *Suprema* establishes that imported articles infringe in terms of Section 337, when infringement occurs after importation.

In *Suprema* this court considered Section 337 as applied to infringement after importation, stating:

> Section 337 contemplates that infringement may occur *after* importation. The statute defines as unlawful "the sale within the United States after importation . . . of articles that—(i) infringe . . . ." The statute thus distinguishes the unfair trade act of importation from infringement by defining as unfair the importation of an article that will infringe, *i.e.*, be sold, "after importation." Section 337(a)(1)(B)'s "sale . . . after importation" language confirms that the Commission is permitted to focus on post-importation activity to identify the completion of infringement.

*Id.* at 1349 (alteration and emphasis in original) (citations omitted). The court held that "the Commission's interpretation that the phrase 'articles that infringe' covers goods that were used by an importer to directly infringe post-importation as a result of the seller's inducement is reasonable." *Id.* at 1352–53.

Comcast argues that *Suprema* should be limited to its facts, whereby the inducement liability must be attached to the imported article at the time of the article's importation. Comcast states that the imported X1 set-top boxes are incapable of infringement until the X1 set-top boxes are combined with Comcast's domestic servers and its customers' mobile devices. Comcast contends that any inducing conduct of articles that infringe occurs entirely after the boxes' importation.

The Commission correctly held that Section 337 applies to articles that infringe after importation. *See Suprema, supra.* The Commission found:

> Moreover, even if the location of Comcast's inducing conduct were legally relevant, and it is not, Comcast designed the X1 STBs to be used in an in-

fringing manner, and directed their manufacture overseas—requiring, among other things, overseas installation of the relevant software onto the STBs. Final ID at 9–12, 232, 234; *Wing Shing Pdts. (BVI), Ltd. v. Simatelex Manufactory Co.*, 479 F.Supp.2d 388, 409–11 (S.D.N.Y. 2007) ("[N]umerous courts have held that, in contrast to §§ 271 (a) and (c), § 271 (b) applies to extraterritorial conduct."); *see also, e.g., Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1141–42 (7th Cir. 1975); *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 2006 WL 463525, at *7 (N.D. Cal. 2006). Comcast then directed the importation of those STBs to Comcast facilities in the United States. Final ID at 9–12. Comcast's inducing activity took place overseas, prior to importation; it took place at importation; and it took place in the United States, after importation. *See, e.g., id.* at 9–12, 232–37, 399.

J.A. 85 n.13. It is undisputed that direct infringement of the '263 and '413 patents occurs when the imported X1 set-top boxes are fitted by or on behalf of Comcast and used with Comcast's customers' mobile devices. Reversible error has not been shown in the Commission's determinations that the X1 set-top boxes imported by and for Comcast for use by Comcast's customers are "articles that infringe" in terms of Section 337.

## B

### *"Importer" under Section 337*

Section 337 prohibits the "importation into the United States, the sale for importation, or the sale within the United States after importation by the owner, importer, or consignee, of articles that" infringe a valid patent. 19 U.S.C. § 1337(a)(1)(B)(i). Whether a party is an importer in terms of Section 337 is a question of fact, and the Commission's finding is reviewed for support by substantial

evidence. *In re Orion Co.*, 71 F.2d 458, 462 (C.C.P.A. 1934) ("This is substantial evidence that, at the time of the acts complained of by the complainant, the Orion Company was an importer or consignee of slide fasteners.").

Comcast argues that it is not an importer of the X1 set-top boxes, in that the importer of record is ARRIS or Technicolor. Comcast states that it does not physically bring the boxes into the United States and it does not exercise any control over the process of importation. The Commission and Rovi respond that Comcast is an importer in terms of Section 337 because Comcast causes the X1 set-top boxes to enter the United States.

The Final ID found that the X1 set-top boxes "are so tailored to Comcast's system and requirements that they would not function within another cable operator's system." Final ID at *11. "Further, the software at issue in the heart of this investigation is attributable squarely to Comcast." *Id.* The Final ID concluded that "the evidence shows that Comcast is sufficiently involved with the design, manufacture, and importation of the accused products, such that it is an importer for purposes of Section 337." *Id.*

The Final ID sets forth extensive evidence of Comcast's control over the importation of the X1 set-top boxes, including that Comcast requires that the X1 set-top boxes "adhere to its specifications and acceptability standards." *Id.* at *10. Comcast also "[p]rovides ARRIS and Technicolor with detailed technical documents" so the X1 set-top boxes "operate as required by Comcast within its network to provide services to Comcast subscribers." *Id.* The "products are designed only for Comcast" and Comcast restricts ARRIS's "ability to sell the products without Comcast's permission." J.A. 135.

The Final ID found that Comcast "[k]nows the imported products are manufactured abroad and imported into the United States" and requires ARRIS and

Technicolor "to deliver the accused products to Comcast delivery sites in the United States." Final ID at *10–11. The Final ID found that "Comcast alone controls the volume of accused products that enter the United States, through forecasts and orders sent to ARRIS and Technicolor." J.A. 136.

The Final ID also found that Comcast "[r]equires ARRIS and Technicolor to handle importation formalities, such as fees, documentation, licenses, and regulatory approvals." *Id.* The Final ID concluded that "Comcast is sufficiently involved in the importation of the accused products that it satisfies the importation requirement, under 19 U.S.C. § 1337(A)(1)(B)." Final ID at *405.

The full Commission concluded that Comcast is an importer of the X1 set-top boxes. The Commission stated that "Section 337, as applied to Comcast's relevant conduct here, requires importation of articles, proof of direct infringement, and proof of inducement, all of which have been established by the record. It is no defense to the violation of a trade statute that Comcast, from the United States, actively induces the infringement by its users as to the imported X1 STBs." Comm. Op. at *12.

The Commission's findings of importation by or for Comcast of articles for infringing use are supported by substantial evidence. The Commission's determination of violation of Section 337 is in conformity to the statute and precedent.

## III

### THE LIMITED EXCLUSION ORDER

ARRIS and Technicolor argue that Section 337 limits exclusion orders to articles "imported by any person violating the provision of this section." 19 U.S.C. § 1337(d)(1). ARRIS and Technicolor argue that the limited exclusion order is improperly applied to them because they were found

not to be infringers or contributory infringers. The Final ID found that the X1 set-top boxes are non-infringing when imported, and that contributory infringement does not lie because the boxes as imported have non-infringing uses such as watching live television.

The Commission responds that the exclusion order as applied to ARRIS and Technicolor is within ITC discretion to enforce Section 337, because the order is limited to importations on behalf of Comcast, of articles whose intended use is to infringe the patents at issue.

The Commission has discretion in selecting a remedy that has a reasonable relation to the unlawful trade practice. *See Cisco Systems, Inc. v. U.S. Int'l Trade Comm'n*, 873 F.3d 1354, 1363 (Fed. Cir. 2017) ("Blocking imports of articles that induce patent infringement has a reasonable relationship to stopping unlawful trade acts."). The Commission points out that ARRIS and Technicolor were respondents in the investigation, and the exclusion order is limited to articles imported on behalf of Comcast. On these facts, the limited exclusion order is within the Commission's discretion as reasonably related to stopping the unlawful infringement, and is affirmed.

## CONCLUSION

The rulings and remedial actions of the Commission are in accordance with law, and the underlying findings are supported by substantial evidence. The Commission's decision and implementing orders are affirmed.

## **AFFIRMED**